# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| Salomon Echevarria, <br><br>       Plaintiff, <br><br> v. <br><br> Mercantile Adjustment Bureau LLC, and <br> Bank of America, N.A., <br><br>       Defendant(s). | Civil Action No: 4:19-cv-419 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff SALOMON ECHEVARRIA ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM PLLC, for his complaint against Defendants MERCANTILE ADJUSTMENT BUREAU LLC (hereinafter "MAB"), AND BANK OF AMERICA ("BofA"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") and the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## PREMLIMINARY STATEMENT

1.      This is an action for statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA), and for injunctive relief, damages, and attorney's fees and costs pursuant to Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.      This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4.      Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

**Plaintiff:**

5.      Plaintiff is a natural person residing at 5467 Lubbock Ave, Fort Worth, TX 76133.

6.      Plaintiff is allegedly obligated to pay a debt to Defendant.

7.      Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

8.      Plaintiff is a "Consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

**Defendant MAB:**

9.      Defendant Mercantile Adjustment Bureau LLC ("MAB") is a company that is organized under the laws of the State of New York.

10.     Defendant MAB has filed a surety bond for third-party debt collection with the Texas Secretary of State.

11.     Defendant MAB is a collection agency headquartered in Williamsville, NY.

12.     Defendant MAB regularly collects debts from consumers in the State of Texas.

13.     Defendant MAB engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14.     Defendant MAB is a "debt collector" meaning any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

15.     At all times material hereto, Defendant MAB was acting as a debt collector in respect to the collection of Plaintiff's alleged debts.

**Defendant BofA:**

16.     The "Current Creditor" is Bank of America N.A.

17.     Defendant BofA is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

18.     Defendant BofA engaged in "debt collection" as defined by Tex. Fin. Code Ann. § 392.001(5).

## THE ALLEGED CONSUMER DEBT

19.     The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the Current Creditor.

20.     The Consumer Debt is an obligation or alleged obligation of a Consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

21.     Plaintiff allegedly owes a debt (the "Consumer Debt") as defined by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS
### *Violation – Credit Report*

22.     On or about May 7, 2019, Defendant MAB sent a "Collection Letter" (See Exhibit "A") on behalf of Defendant BofA to the Plaintiff.

23.     The Collection Letter shows that it is from Mercantile Adjustment Bureau.

24.     The use of the names Mercantile and Bureau creates a false representation or implication that a debt collector operates or is employed by a consumer reporting agency.

---

25.     Plaintiff has suffered an informational injury from both Defendant's action as Plaintiff.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.**
**§1692e and §1692f *et seq.* AGAINST DEFENDANT MAB**

26.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

27.     Defendant MAB's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

28.     Section §1692e prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Including:

(1) The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2);

(2) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10); and

(3) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency, 15 U.S.C. §1692e(16).

29.     Section §1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Including:

30.     Defendant MAB violated the FDCPA when Defendant attempted to collect and reported the same alleged debt twice.

31.     For these reasons, the Defendant MAB is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 292 *et seq.* AGAINST DEFENDANT BOFA

32.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

33.     A person may not use "credit bureau", "retail merchants", or "retail merchants association" in the person's business or tradename. Tex. Fin. Code §392.305

34.     Defendant BofA contracted Defendant Mercantile Adjustment Bureau, LLC to collect an alleged debt and Defendant MAB's name includes the prohibited trade names "bureau" and "merchant or mercantile".

35.     Defendant BofA is liable for the actions of its agent.

36.     For these reasons, the Defendant BofA is liable to the Plaintiff for damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

37.     Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against both Defendants for:

(1)     Statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2)     Damages as provided for under the TDCA;

(3)     Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3) and the TDCA;

(4)     Injunctive relief; and

(5)     Such other or further relief as the Court deems proper.


DATED: May 21, 2019                              Respectfully Submitted,

                                                 **SHAWN JAFFER LAW FIRM PLLC**

                                                 /s/ *Shawn Jaffer*                              .
                                                 Shawn Jaffer
                                                 TX Bar No.: 24107817
                                                 9300 John Hickman Pkwy., Suite 1204
                                                 Frisco, Texas 75035
                                                 Phone: (214) 210-9910
                                                 Fax:    (214) 594-6100
                                                 Email: Shawn@jafflaw.com
                                                 ***Attorney for Plaintiff Salomon Echevarria***